## SIMONTON vs. BARRELL.

Where by a statute law of a state in which the judgment is rendered, the plaintiff is authorized to agree with the defendant after the latter is arrested on a *ca. sa.* that he may go at large without payment of the debt, and yet, that the plaintiff may subsequently proceed against such defendant *by a new execution* or *such other process as the nature of the case may require;* IT WAS HELD, that within the equity of the statute the plaintiff was entitled to *maintain an action of debt* on the judgment, where the defendant had departed from the state in which the judgment was rendered and had come to reside within this state.

An *attorney* who prosecutes a suit to judgment, has not power by virtue of his general authority to discharge a defendant from arrest on a *ca. sa.* without the actual payment of the debt.

ERROR from the superior court of the city of New York. Barrell sued Simonton and declared in debt on a judgment rendered in his favor against the defendant in a circuit court of the district of Columbia, held for the county of Washington. The defendant pleaded *nul tiel record, nil debet* and *payment.* Issues being joined, the cause was brought to trial, when the plaintiff produced an exemplification of the record of judgment and rested. The defendant produced another copy of the same record, *with entries upon it,* subse-

Simonton v. Barrell.

quent to the judgment, by which it appeared that the defendant had been arrested on a *capias ad satisfaciendum*, issued upon the judgment, and *discharged* from such arrest *by the attorney* for the plaintiff upon an arrangement for the future payment of the debt. The discharge was professed to be granted in pursuance of *an act of the legislature of Maryland*, and *without any express authority* from the plaintiff. The act of Maryland, passed in 1789, was produced, by which it is enacted, that when a defendant is arrested on a *ca. sa.* if the plaintiff with the consent of the defendant elects *not to call the execution* during the term to which it may be returned, it shall be lawful for him to proceed against any such defendant by a *new execution* or *such other process as the nature of the case may require*, in the same manner as he might have done if such defendant had not been arrested on the former writ of execution. Upon this evidence, the defendant contended in the superior court of the city of New York that he had sustained his *second* and *third* pleas. The court ruled otherwise, and the jury, by the direction of the court, found a verdict for the plaintiff. Judgment being entered on the verdict, the defendant sued out a writ of error.

*S. Sherwood*, for the plaintiff in error.

*O. Bushnell*, for the defendant in error.

*By the Court*, Cowen, J.    There is no doubt that, at common law, the judgment would have been extinguished by the consent of the plaintiff, on whatever terms, to discharge the defendant from this arrest. But it is equally well settled that the attorney for the plaintiff has no power to allow a discharge in virtue of his general authority, without the actual payment of the money. *Kellogg* v. *Gilbert*, 10 Johns. R. 220. In the case before us, so far from any special authority in the attorney being shown, the record shows affirmatively that he had none; and *that part* of the record too was given in evidence by the defendant below.

But take it that the plaintiff himself had signed the stipu-

lation for a discharge, there can be no doubt that this action, was maintainable within the statute of *Maryland*. The argument against that is founded on the words of the act which, indeed, expressly gives the plaintiff a remedy only by farther execution or other *process*, which latter word may in strictness be confined to a *scire facias*. It is enough to say the statute is remedial, and that its equity, therefore, extends to an action of *debt also*. It has been held that a statute giving a remedy against executors extends to administrators, because both are in *pari ratione*. A defendant leaving the jurisdiction of a state wherein judgment is obtained against him, on action of debt, the only remedy remaining is equally within the reason which gives an execution or a *sci. fa.* at the hands of a domestic tribunal. It would be an outrage upon the intent of the legislature, to say that the defendant could evade the act by stepping over the line at which the laws of Maryland cease to operate. The act gives no remedy to the executors or administrators of the plaintiff. Suppose he had died; would all remedy have died with him? Such would be the effect of the strictness contended for. Numerous cases are collected in Dwarris on Statutes, 718, 721, wherein remedial acts have been extended to cases and persons not within the words; and many decisions noticed there, will be found to have carried the equity beyond the words in cases much less plainly within the general meaning. A provision against fraudulent *feoffments* was extended to fraudulent grants, fines, recoveries, and all other conveyances. A statute giving a writ of entry *in casu proviso*, was held extended by equity to a writ of entry *in consimili casu*. A statute gave remedy to a reversioner; by equity it was held the same remedy in a like case should be extended to a remainderman; and an act forbidding the warden of the fleet to let prisoners in execution go out of the prison was extended, to all other jailers in the kingdom. The statute which gave to executors an action of *trespass de bonis asportatis in vita testatoris*, is a familiar instance. It has been extended by equity to every injury which, during his life, tended to subtract from the personal estate of the testator; even to an action against

a sheriff for a false return, or removing goods after notice of rent due. 1 Williams' Ex. 511, 512, Philad. ed. 1832. It would be strange, after all this, if courts could feel themselves so fettered by words, as to say that a statute which gives a remedy by *scire facias*, would not extend to an action of debt. There is scarcely a difference even in form between the two; and none whatever in the substantial object. But allowing a new execution, is clearly enough to lay the foundation of a similar construction. The judgment must be affirmed.

Judgment affirmed.