ABRAHAM DAVIS, Respondent, *v.* PETER BOWE, late Sheriff, etc., Appellant.

If, when a judgment is paid to the attorney of the judgment-creditor the debtor is in custody, either actual or constructive, under an execution issued against his person upon such judgment, it is within the power of the attorney to authorize the sheriff to discharge him.

Where an order to discharge, signed by the attorney, is served upon the sheriff, it carries with it the presumption that it was duly authorized.

While this presumption may not be conclusive upon the sheriff, it requires some action on his part, either to return it or give notice that he requires something farther, or else to act upon it as sufficient.

Where, therefore, a judgment was paid and discharged of record, and the sheriff received without objection such an order to discharge the judgment debtor, who was out on bail and subsequently rearrested him. *Held*, he was liable for false imprisonment.

Reported below (22 J. & S. 520).

(Argued December, 3, 1889; decided December 17, 1889.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made December 7, 1886, which affirmed a judgment in

favor of the plaintiff, entered upon a verdict and affirmed an order denying a motion for a new trial.

This was an action for false imprisonment.

During the three years ending with December 31, 1882, the defendant was sheriff of the city and county of New York, and, as such, in August of that year received an execution issued against the person of the plaintiff, which, after reciting the recovery of a judgment in the Marine Court by one Gregg against the plaintiff and another for the sum of $83.21, costs, commanded him to arrest the judgment-debtors and to commit them to the jail of said county until they paid said judgment, or were discharged according to law. In September, 1882, the defendant, by virtue of said execution, arrested the plaintiff, who furnished the usual bond and was admitted to the liberties of the jail. December 31, 1882, said judgment was duly satisfied of record and a notice, signed by the attorney who issued said execution, was delivered to the attorneys for the plaintiff, who on the same day caused it to be filed in the office of the defendant. The following is a copy of said notice, viz :

" Marine Court of the city of New York.

|  |  |
|---|---|
| MICHAEL SHUTER and ABRA-HAM DAVIS, *v.* ROBERT GREGG. | |

" *To the Sheriff of the city and county of New York :*

" You will please discharge from custody the judgment-debtor, Abraham Davis, by virtue of the execution herein.

　　　　　　　　" Yours, etc.,

　　　　　　　　　　" T. CORNING McKENNIE,

　　　　　　　　　　　　　" *Defendant's Attorney.*"

Indorsed : " Received December 13, 1882, 12.53 p. m."

The witness who delivered the notice to one of the deputies of the defendant, in the sheriff's office, testified that he gave the paper to the deputy and asked him " if that was all right " and was answered that it was. He also testified that he

left the paper there, and, in substance, that this was all that took place.

The term of the defendant as sheriff expired on the thirty-first of December, 1882, and on the sixth of January, 1883, but within the time allowed by law for the delivery to the incoming sheriff of jails, prisoners, process, etc., the defendant indorsed upon the bond given by the plaintiff on his admission to the jail liberties, among other things, the following: "Marine Court. Robert C. Gregg v. Abraham Davis.  *  * Abraham Davis, the above-named defendant, is hereby remanded to jail," and signed the same as late sheriff.

This paper, called "a remand order," was delivered by the defendant to a deputy and the plaintiff was arrested by virtue thereof on Saturday, January 6, 1883, after 10 o'clock at night.   He was taken through the streets to the door of the Ludlow street jail when he was allowed to go until the following Monday morning upon the payment of ten dollars to the arresting officer.   On Monday morning he went to the sheriff's office and was informed that if he did not furnish bondsmen by twelve o'clock he would be arrested again, but upon showing that the judgment was satisfied was told that he could go home.   The remand order, as the defendant testified, w issued for the purpose "of transfer to his successor," after notice by mail to prisoners upon the limits to appear with bondsmen and give bail to the new sheriff.   It did not appear that the plaintiff received a notice of any kind.   During the trial the counsel for the plaintiff stated that he did not claim that the defendant had no right to arrest prisoners, who were upon the limits, in order to compel them to give bonds to the new sheriff, provided the executions were in force and the judgments unsatisfied.

*Malcom Graham* for appellants.   The so-called discharge from arrest is worthless. (*Smith* v. *Egginton,* 7 Ad. & El. 167; *Jackson* v. *Bartlett,* 8 Johns. 361; *Kellogg* v. *Gilbert,* 10 id. 220; *Simonton* v. *Barrett,* 21 Wend. 362; *Crary* v. *Turner,* 6 Johns. 51; *Connop* v. *Challis,* 2 Exch. 484; *Kar-*

*son* v. *People*, 44 Barb. 347; *Poucher* v. *Holley*, 3 Wend. 184; *Powers* v. *Wilson*, 7 Cow. 274; *Lathrop* v. *Briggs*, 8 id. 171; *Ransom* v. *Keyes*, 9 id. 128; *Smith* v. *Sheriffs*, Id. 399; *Hayes* v. *Bowe*, 65 How. 347; *Goodrich* v. *McDonald*, 112 N. Y. 157; *Martin* v. *Kanouse*, 11 How. Pr. 567; *Lockport* v. *Hunting*, 39 Hun, 221; *Wheaton* v. *Newcombe*, 16 J. & S. 215; *Haight* v. *Holcombe*, 16 How. Pr. 160; *Starin* v. *Mayor, etc.*, 106 N. Y. 82; *People* v. *Steuben Com. Pleas*, 12 Wend. 200; Cross on Liens, 220; *Chappell* v. *Dunn*, 21 Barb. 17; *Cowell* v. *Simpson*, 16 Ves. 275; *Lambert* v. *Buckmaster*, 2 B. & C. 616; *Pyne* v. *Earle*, 8 Tenn. Rep. 407; *Barber* v. *St. Quintin*, 12 M. & W. 441; *Langley* v. *Headland*, 19 C. & B. [N. S.] 42; *Martin* v. *Francis*, 2 B. & Ald. 402; *Marr* v. *Smith*, 4 id. 466; *Graves* v. *Eads*, 5 Taunt. 429; *Prentiss* v. *Livingston*, 60 How. Pr. 380.) The acts of Ward and Fitch did not make the sheriff a *tort feasor ab initio.* (*Shoeland* v. *Gorett*, 5 B. & C. 485; *Smith* v. *Eggington*, 7 Ad. & El. 167; *Gates* v. *Lounsbury*, 20 Johns. 427; *Adams* v. *Rivers*, 11 Barb. 390; *Crowder* v. *Lang*, 8 Barn. & C. 598.)

*Henry McCloskey* for respondent. The notice signed by the attorney discharged the prisoner. (*Parker* v. *Spier*, 62 How. Pr. 394; *McGregor* v. *Comstock*, 28 N. Y. 240; *Rooney* v. *S. A. R. R. Co.*, 18 id. 368; *Trustall* v. *Winston*, 31 Hun, 219; *Shackelton* v. *Hart*, 20 How. Pr. 39; *Kipp* v. *Rapp*, Daily Reg., June 26, 1885; *Lesher* v. *Roessner*, 3 Hun, 217; *Haight* v. *Holcombe*, 16 How. Pr. 160; *Marshall* v. *Meech*, 51 N. Y. 140; *Rasquin* v. *Stage Co.*, 12 Abb. 325; *Dietz* v. *McCallum*, 44 How. 494; *Wright* v. *Fleming*, 10 Wkly. Dig. 450; *Ennis* v. *Curry*, 22 Hun, 584; Code Civ. Pro., §§ 1260, 1494.) The extortion of money made the sheriff a *tort feasor ab initio.* (*Carpenter's Case*, 8 Coke, 146; *Holly* v. *Mix*, 3 Wend. 350; *McIntyre* v. *Trumbull*, 7 Johns. 35; *Waterbury* v. *Westervelt*, 9 N. Y. 598; *Arteaga* v. *Connor*, 88 id. 410.) The damages were not excessive. (*Blum* v. *Higgins*, 2 Abb. Pr. 104.)

VANN, J. Upon the trial of this action the court in its charge to the jury said : "The plaintiff offered evidence to show that some time before the re-arrest, a notice was given that you have heard read here, signed by the attorney for the opposite party, directing the sheriff to discharge the plaintiff from arrest under the execution. I will hold here, for the purposes of this action, that that notice was sufficient to entitle the plaintiff to a discharge, providing that such notice was left with the sheriff and not withdrawn, and that is the first question that you are to determine here." The defendant excepted "to so much of the charge as stated   *   *   *   that the notice was sufficient to entitle the plaintiff to a discharge unless withdrawn."

The rest of the charge does not appear in the record and hence it will be presumed that all questions of fact, aside from the one to which the exception relates, were properly submitted to the jury and that they decided them in favor of the plaintiff. This exception raises the question whether the notice signed by the attorney who issued the execution was, under all the circumstances, effective as a discharge of the prisoner. The defendant insists that an attorney has no power, by employment as such, to discharge a defendant taken in execution. (*Jackson* v. *Bartlett*, 8 J. R. 361; *Kellogg* v. *Gilbert*, 10 id. 220; *Simonton* v. *Barrell*, 21 Wend. 362.) On the other hand the plaintiff argues that, as the judgment was for costs only, the attorney had absolute control of the remedies given for its collection ; and that as the sheriff had notice of the fact through the recitals in the execution, he should have recognized the paper as a valid discharge. (*Tunstall* v. *Winton*, 31 Hun, 219 ; *Marshall* v. *Meech*, 51 N. Y. 140 ; *Shackleton* v. *Hart*, 20 How. Pr. 39.)

Without passing upon these questions, we are of the opinion that the act of the attorney in directing a discharge could not be disregarded by the defendant, as in the absence of suggestive or significant circumstances, he had no right to presume that an officer of the court had acted in violation of his duty. It is provided by section 1260 of the Code of Civil Procedure that the

docket of a judgment must be cancelled and discharged by the clerk in whose office the judgment roll is filed, upon filing with him a satisfaction piece describing the judgment and executed, if made within two years after the filing of the judgment roll, "by the attorney of record of the party." Thus the power of the attorney to acknowledge satisfaction is clear and the duty of the clerk to recognize it by cancelling the judgment, as docketed, imperative. Assuming that, even in the case of a judgment for costs only, the attorney has no right, as between himself and his client, (*Beers* v. *Hendrickson*, 45 N. Y. 665), without express authority, to issue a satisfaction piece unless the judgment is paid, that does not affect the duty of the clerk, at least in the absence of notice. The command of the statute is that the docket of the judgment *must* be cancelled and discharged by him. Service upon the sheriff of a certified copy of a discharge by the clerk of a judgment would be notice to him that his power to collect an execution issued upon such judgment was at an end. Less formal notice while not conclusive upon him might charge him with the duty of making inquiry before taking further action and he would be entitled to a reasonable time for that purpose.

If when a judgment is paid to the attorney, the judgment debtor is in custody, either actual or constructive, under an execution issued against his person upon such judgment, it is manifestly within the power of the attorney to authorize the sheriff to discharge him. The power to issue a satisfaction piece implies a power to discharge and while neither power may be exercised, as between the attorney and his client, to the injury of the latter, third persons, in the absence of notice to the contrary, have the right to presume that the power, when exercised, was authorized by the client, either expressly, or by virtue of the original retainer. When, therefore, the direction to discharge was served upon the sheriff, on the occasion in question, the presumption arose that it was duly authorized, because it was within the apparent powers of the attorney. Moreover, if an attorney does an act, which would be a violation of his duty, unless a certain condition had first

been performed, it will be presumed that such condition was performed. (2 Best on Evidence, [Wood's ed.] 641–645 ; *Hamilton* v. *Wright,* 37 N. Y. 502; *Corning* v. *Southland,* 3 Hill 552.

It follows that when the order to discharge the plaintiff from custody by virtue of the execution against his person, reached the sheriff, it was accompanied with the presumption of lawful authority. While this presumption may not have been conclusive upon the defendant, it required some action on his part. Having received the discharge without objection, he was bound to return it, or give notice that he required something further or else to act upon it as sufficient. He retained it for twenty-four days without notice or question and then treated it as a nullity. If he was in doubt as to the authority of the attorney, it was his duty under the circumstances to say so. If he wanted further proof, he should have demanded it. If he had any reason to question the sufficiency of the discharge, or for refusing to comply with it, he should have made it known, so that the plaintiff would have had an opportunity to remove the objection. But he said nothing and did nothing, leaving it to be inferred that he was satisfied in all respects. Therefore, when he caused the plaintiff to be re-arrested, under the facts as the jury is presumed to have found them, he acted at his peril and must suffer the consequences.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.