(13 App. Div. 603.)

### COMMERCIAL BANK v. FOLTZ et al.

(Supreme Court, Appellate Division, Fourth Department. February 9, 1897.)

JUDGMENT—IRREGULAR ENTRY—STATUTORY NOTICE TO DEFENDANT.
　　An entry of judgment is irregular where it was had after the disbarment of defendant's attorney, and the only notice given defendant was that accompanying the bill of costs, and reading, "Inclosed we send you personally the bill of costs and readjustment in this action for the reason that D. is no longer an attorney;" Code Civ. Proc. § 65, providing that, if an attorney becomes disabled to act at any time before judgment, no further proceedings shall be taken against his client until 30 days after notice to the client to appoint another attorney has been given. Follett, J., dissenting.

Appeal from special term, Monroe county.

Action by the Commercial Bank against Moses Foltz and others to foreclose a mortgage. From an order denying defendants' motion to set aside the judgment of foreclosure as against the said Foltz, together with the sale and all proceedings thereunder, because at the time of its entry his attorney was disqualified to act as such, having been disbarred, and no legal substitution having been made, defendant Foltz appeals. Reversed.

John F. Dorthy, an attorney at law in Rochester, was the attorney of record for the appellant as a defendant in an action in the supreme court to foreclose a mortgage upon property in the city of Rochester, known as the "Brackett House Property." A defense had been interposed by Foltz by way of counterclaim, he having been at one time the owner of the equity of redemption in the mortgaged premises. The action had been tried. The issue as to the counterclaim was submitted to a jury, and it had rendered a verdict for the plaintiff, and the judge who presided at the trial received the verdict, and was considering it and the other issues in the case when, on the 30th day of July, 1896, a stay of proceedings which had been granted by the presiding judge of this court upon an order disbarring the attorney Dorthy, which the court had previously made, was vacated, and Dorthy was no longer competent to act, and as the appellant's attorney, and deprived of the right to practice as such. There has been no substitution of the appellant's attorney in the action, nor any notice to the appellant to appoint another attorney. Afterwards, and on July 31st, the trial judge handed down his decision in the case, in which he found that the amount due upon the bond and mortgage in suit and to grow due, with interest to June 18, 1896, was $15,494.04, for which, together with interest from the 18th of June, 1896, the plaintiff was entitled to judgment, which was directed. On the 1st day of August, 1896, after the filing of the first decision, the trial judge made and filed what he called a "supplemental finding," which modified the original finding to some extent. The plaintiff's attorneys prepared the judgment roll, and entered judgment of foreclosure and sale upon these decisions, and served a notice of readjustment of the costs by mail upon the defendant Foltz. Accompanying the bill of costs was the following, addressed to Foltz, and signed by the plaintiff's attorneys: "Dear Sir: Inclosed we send you personally the bill of costs, with notice of readjustment in this action, for the reason that John F. Dorthy is no longer an attorney." A notice of the sale was also served by the plaintiff's attorneys upon the appellant by mail. No other notice was given in the proceedings in the action subsequent to the disbarment of Dorthy. It appears that the premises were sold in pursuance of the judgment of foreclosure.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, GREEN, and WARD, JJ.

John Van Voorhis, for appellant.
Edward Harris, for respondent.

WARD, J. Section 65 of the Code of Civil Procedure provides as follows:

"If an attorney dies, is removed or suspended, or otherwise becomes disabled to act, at any time before judgment in an action, no further proceedings shall be taken in the action, against the party for whom he appeared, until thirty days after notice to appoint another attorney, has been given to that party, either personally or in such other manner as the court directs."

The command of this statute is absolute. There shall be no further proceedings in the action, as against the party for whom the attorney has appeared, until the 30-days notice to appoint another attorney has been given. This provision of the Code is founded upon a wise policy. A pending action needs constant attention. Every step in it may be attended with important consequences to a party to it. The law provides an officer of the court to guard the interests of a litigant from the beginning to the end of the litigation; and if, by a misfortune, the party loses the protection of that officer, the proceedings stop at that moment, and remain suspended until, in the appointed way, another attorney is substituted, or the proper notice given by the opposing party to appoint one has been served.

In this case it is apparent that very important steps were taken in the action. A decision was rendered; a judgment perfected;

costs taxed; property sold in pursuance of that judgment; and all done as against the appellant, Foltz, when he had no attorney to take such proceedings as were necessary for his protection, and when no notice had been given by the plaintiff under the statute to appoint one. The case therefore would seem to come squarely within the condemnation of the section of the Code cited. But the learned counsel for the respondent insists that this section of the Code has reference only to such proceedings in an action concerning which it is necessary to give notice, and that no proceeding occurred before the entry of final judgment that required notice; that it was the duty of the trial judge, under the Code, to make and file his decision; that it was the duty of the clerk to enter judgment.

It is true that it is the duty of the judge to make and file his decision, but, when this decision is filed, section 1238 of the Code provides that:

"The judgment roll must be prepared and furnished to the clerk by the attorney for the party at whose instance the final judgment is entered, except that the clerk must attach thereto the necessary original papers on file, but the clerk may at his option make up the entire judgment roll."

In Knapp v. Roche, 82 N. Y. 366, it was held that the duty of preparing such judgment roll is imposed upon the attorney for the party at whose instance the final judgment is entered, under this section of the Code, and that an order was proper directing the plaintiff to enter the judgment and file the roll. In fact, in this case the record shows that the judgment was entered upon the motion of the plaintiff's attorney. Sections 3263 and 3264 of the Code of Civil Procedure provide that costs may be taxed upon notice to the attorney of each adverse party, and fix the time of notice; but, where the costs were taxed without notice, notice of taxation must immediately be given. So that, before judgment was complete, notice must have been given to the appellant, through his attorney. The service of notice upon him for retaxation was unauthorized. But the prohibition of section 65 is not confined to proceedings requiring notice. It extends to all proceedings that may be taken by the adverse party, whether upon notice or otherwise.

The respondent's counsel also contends that, as to the proceedings after judgment, Dorthy's authority had ceased, and cites Moore v. Taylor, 40 Hun, 56, and Lusk v. Hastings, 1 Hill, 656. It is true that in some of the cases the general proposition is asserted that the authority of the attorney terminates with the judgment, but it is certain that this statement is too broad, and needs many qualifications. The attorney may stipulate to postpone an execution that had been issued upon a fraudulent judgment. Read v. French, 28 N. Y. 285. If employed to collect a claim, he has authority by virtue of his original retainer, after judgment, to institute supplementary proceedings. Ward v. Roy, 69 N. Y. 96. Upon a judgment being paid to him as attorney by a defendant held upon a body execution, the attorney can authorize the sheriff to discharge the defendant. Davis v. Bowe, 118 N. Y. 55, 23 N. E. 166. He

may make and serve a notice of appeal from a judgment against his client, and no other attorney can issue such notice until properly substituted in the place of the attorney of record. Shuler v. Maxwell, 38 Hun, 240, and cases cited; opinion of Hardin, J., in Miller v. Shall, 67 Barb. 446. An appeal must be taken by serving upon the attorney for the adverse party the notice of appeal. Section 1300 of the Code. The power of an attorney to satisfy judgments extends for two years after judgment has been entered, even as against the consent of the client. Code Civ. Proc. § 1260; Woodford v. Rasbach, 6 Civ. Proc. R. 321, and cases cited.

Many other instances might be referred to showing the continuation of the attorney's authority after judgment. In Lusk v. Hastings, supra, Cowen, J., while asserting the general rule, finds many exceptions to the proposition that the attorney's authority terminates with the judgment; and he says: "It should be noticed that the law prolongs the power for such a time after judgment as may be necessary to take care of certain steps which grew out of the main proceedings." The true rule we apprehend to be is that for all purposes of collecting the judgment, or to vacate, modify, or reverse it, the power of the attorney of record continues, with the presumed assent of his client, until some affirmative steps are taken by the client to dismiss him from the case, or some of the causes intervene specified in section 65 of the Code. In Hickox v. Weaver, 15 Hun, 375, it was held that where, under section 65, notice to appoint another attorney is served upon the party whose attorney had died, all proceedings are stayed for 30 days. In Forbes v. Muxlow, 18 Civ. Proc. R. 239, 13 N. Y. Supp. 797, it was held that where, during the pendency of an action, the attorney for the defendant died, all proceedings on the part of the plaintiff were stayed until 30 days after notice had been given to appoint an attorney, and that an inquest which had been taken and a judgment entered by the plaintiff by default in the meantime should be set aside. Upon the disbarment of Mr. Dorthy, on July 30, 1896, by force of section 65 of the Code of Civil Procedure, all proceedings on the part of the plaintiff in this action were stayed, and the entry of judgment by the plaintiff's attorneys and the subsequent proceedings were unauthorized and irregular.

The order appealed from should be reversed, and the judgment and sale vacated, with $10 costs and the disbursements of this appeal. All concur, except FOLLETT, J., dissenting.