(27 Misc. Rep. 444.)

## CONNER et al. v. WATSON et al.

(Supreme Court, Special Term, New York County. May, 1899.)

ATTORNEY AND CLIENT—PAYMENT OF MONEY BY REFEREE.

> Where a referee appointed to sell property in a partition suit pays a part of the proceeds of a mortgage upon one of the parcels to the attorney of record of one of the parties to the suit, who has a right thereto, he will be entitled to credit for the amount so paid, as such attorney has authority to receive it.

On motion in partition suit to compel referee to pay over money. Denied.

Edward G. Nelson, for the motion.
David McClure, opposed.

BOOKSTAVER, J. Caroline M. Conner, who makes this motion, is one of the four plaintiffs in the partition action in which the motion is made. She is entitled, in trust, to distributive shares in the several parcels of land sought to be partitioned, and is also owner and holder of a mortgage upon one of these parcels. The money in dispute, amounting to $10,820, was paid by the referee to her attorney of record in the suit, one Nelson, who never turned it over to her. This motion seeks to compel the referee to pay the entire amount of the mortgage, $14,000, with interest. He is willing to pay the difference, but insists upon being allowed the $10,820 paid by him to Nelson.

The argument for the motion proceeds entirely, and that in opposition proceeds largely, upon the theory that the warrant and justification for the payment made by the referee must be found in some authority conferred upon Nelson as a business agent. This theory loses sight of the controlling point in the case, and that is the significance of the retainer of an attorney to conduct litigation. I do not think this case is affected by the so-called "scrivener's rule." At any rate, it should not be decided upon the narrow grounds of that rule, which took its rise and obtains in England, and which was discussed in the recent decision in Trust Co. v. Folsom, 38 App. Div. 295, 57 N. Y. Supp. 504. It is true, the authority of an attorney has been repeatedly held by the courts of this state to rest upon substantially the same grounds, and to be subject to the same limitations, as exist in the case of scriveners in England; and one condition, indispensable to presumptive proof of a scrivener's authority to receive payment of principal on a security in his possession, is that he should have made the original loan, which fact is not claimed to exist in the present instance. But all those decisions, as in Trust Co. v. Folsom, supra, were made in cases where the attorney was not acting, properly as such, in his higher capacity of conducting litigation for the collection of the security intrusted to his possession, but where he was acting only as a business agent to collect interest upon, or to do something else in relation to, the security that another than an attorney might have done equally as well. I think that, where an attorney is engaged to act profession-

ally, and to institute a proceeding which has for its purpose, or
will, as in this case, necessarily result in, the collection of the amount
due on the security delivered into his possession, a more liberal rule
of authority should be applied, and that the same strictness of proof
should not be required as in the case of scriveners, if, indeed, it
should not be held that the attorney is, by the fact of his retainer
alone, and without more, vested with authority to receive pay of
the claim. Here he was not only retained, but he had instituted the
suit, and carried it through to final judgment.

The high and enduring character of the authority of an attorney
of record, under such circumstances, is emphatically shown by the
provision of section 1260 of the Code of Civil Procedure giving him
power, for two years after the entry of judgment, to execute a satis-
faction piece of the same. Indeed, it would seem that this power,
arising from the retainer, rests upon so solid a foundation that the
client is, as to innocent third persons, bound by its exercise, whether
proper or not, as between him and his attorney. In Davis v. Bowe,
118 N. Y. 55, 60, 23 N. E. 167, the court said:

"The power to issue a satisfaction piece implies a power to discharge [the
judgment debtor in the custody of the sheriff], and while neither power may be
exercised, as between the attorney and his client, to the injury of the latter,
third persons, in the absence of notice to the contrary, have the right to pre-
sume that the power, when exercised, was authorized by the client, either ex-
pressly or by virtue of the original retainer."

In Steward v. Biddlecum, 2 N. Y. 103, 106, it was said:

"In general, the attorney on record is authorized by his retainer to do such
things as pertain to the prosecution of a suit to final judgment and execution,
and to receive the money for which such judgment is recovered, especially if
received within the time in which he might regularly issue such execution
upon the judgment against the property or person of the party against whom
the judgment is recovered, and upon the receipt of the money, discharge the
party, and acknowledge satisfaction of the judgment. 2 Rev. St. p. 363, § 25;
Kellogg v. Gilbert, 10 Johns. 220; Jackson v. Bartlett, 8 Johns. 362; Gorham v.
Gale, 7 Cow. 739; Crary v. Turner, 6 Johns. 53; Beardsley v. Root, 11 Johns.
464."

In Mills v. Stewart, 88 Hun, 503, 34 N. Y. Supp. 786, the attorney
had, as in this case, betrayed his client and retained the money;
nevertheless the court held that:

"The person to whom it was paid being the plaintiff's attorney, and in the
very proceeding in which it was paid, the amount thereof should be credited
on the interlocutory judgment."

Holding the view above expressed, I do not deem it necessary
to state or discuss the facts affirmed or denied in the conflicting
affidavits submitted. It might be added, however, that if the case
had to be decided under the scrivener's rule, there are strong rea-
sons for holding that its substantial requirements are complied with
by the proofs here. That Nelson had acted extensively and for years
as the plaintiff's business agent is not denied, nor is it denied that
she had intrusted him with a large sum of money to invest for her,
although not this particular sum. I prefer to rest my decision,
however, upon the ground of the authority of an attorney of record
to receive the sum to be realized from the litigation by his client.

The fact that the full amount paid was not yet realized from sources out of which the judgment directed this mortgage to be satisfied, but was taken, in part at least, from the proceeds of the sale òf other parcels included in the same suit, but covered by other mortgages, does not affect the question; it being once established that the attorney had authority to receive the money for his client. It is true that an authority to collect is not an authority to borrow; but there was no pretense or understanding on either side that this transaction was anything but a collection and part payment on the mortgage. It is too plain for argument that the referee could never be permitted to say, in any attempt he might make to recover back the money so paid by him, that it was a loan. What would not be permitted to him ought not to be permitted to the plaintiff. Neither should be allowed now to shift position, and claim that the transaction was anything other than it purported to be, and was understood by both sides to be, at the time it was made.

It perhaps ought to be added that this is not a case that falls within the provisions of section 1580 of the Code of Civil Procedure, which directs that in actions for partition—

"The sum chargeable upon any share, to satisfy a lien thereon, must be paid to the creditor, or retained, subject to the order of the court; and the remainder, except as otherwise prescribed in this article, must be paid by the officer making the sale, to the party owning the share, or his legal representatives, or into court for his use."

This money was neither the "share" of any party, within the meaning of that section, nor a sum chargeable upon any such share. It was part of the proceeds of a mortgage upon one of the parcels sold; and I can see no reason, nor is my attention directed to any, why the authority of the attorney of record in such a case is, or ought to be, any different with respect to such proceeds than it would have been if the action had been brought expressly for the foreclosure of the mortgage. The motion should be denied, with $10 costs.

Motion denied, with $10 costs.