SHERMAN & SONS COMPANY, Respondent, *v.* PRINCESS SHIRT WAIST MANUFACTURING COMPANY, Appellant.

First Department, May 29, 1925.

Judgments — entry on alleged stipulation of settlement between attorneys — defendant repudiated alleged settlement — no authority shown in defendant's attorney to compromise action — defendant did not acquiesce nor ratify — error to direct entry of judgment on alleged stipulation.

It was error for the court in this action to direct the entry of judgment in favor of the plaintiff on an alleged stipulation claimed to have been entered into between the attorneys in open court, which agreement to compromise the case was repudiated by the defendant before the motion for judgment was made, for the authority on the part of the defendant's attorney was neither proven nor conceded, and under well-recognized rules, without such authority being conferred, the defendant was not bound by the alleged stipulation, and furthermore there was no evidence that the defendant acquiesced in the action of its attorney or subsequently ratified his action.

It cannot be claimed that the defendant ratified the action of its attorney by failing to communicate to the plaintiff its dissatisfaction with the settlement, for the defendant was not called upon to do that and the plaintiff was not prejudiced in any way by defendant's failure immediately to repudiate the settlement. Furthermore, it was evident that the plaintiff knew, prior to the motion for judgment, that the defendant had refused to abide by the alleged stipulation.

APPEAL by the defendant, Princess Shirt Waist Manufacturing Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 12th day of December, 1924, granting

plaintiff's motion directing entry of judgment following a stipulation for settlement by the parties, and also from a judgment entered in said clerk's office on the 18th day of December, 1924, pursuant to said order.

*Bernhard Ginzburg* [*Benjamin Davidson* of counsel], for the appellant.

*Walter Carroll Low* [*Carroll Blakely Low* of counsel], for the respondent.

McAVOY, J.:

The learned court at Trial Term granted a motion directing the entry of judgment in favor of plaintiff for the sum of $800 pursuant to an alleged settlement of the action while the case was pending on the day calendar, which settlement was made by the attorney for the defendant without authorization on the part of its client. The client thereafter repudiated the settlement and refused to carry out its terms and the resulting order was made directing judgment to be entered according to the terms of the settlement on the theory that the stipulation for judgment was made in open court and that the attorney had authority to make the same, or that his action was ratified by the subsequent conduct of the client.

The action was brought to recover damages for a breach of an agreement to purchase from the plaintiff certain goods.

The attorneys who appeared in the trial court for the respective parties were the attorneys in another action which was on the day calendar at the same time as the one now here, and which was settled by agreement just prior to this cause of action being reached for trial. The attorney for the plaintiff in the former case settled that action on condition that this case be also settled and the attorney for the defendant in this action verbally stipulated to settle this action for $800. Both cases were marked " settled " by the justice presiding, but as aforesaid, the defendant refused to abide by the compromise. There is no contention, and certainly no proof, that the defendant here ever authorized its attorney to compromise the action for $800 or for any other sum, nor was there any officer or agent of the defendant present in court at the time the settlement was concluded, nor had defendant's responsible officers heard of the settlement on the day upon which it was effected. After the plaintiff was notified that the settlement would not be carried out it made application to the Special Term upon affidavit and notice of motion for an order directing the judgment to be entered in its favor for the sum of $800, pursuant to the oral stipulation made at the Trial Term. The motion having been referred to the

First Department, May, 1925.               [Vol. 213

trial justice before whom the settlement was attempted to be made, he granted the motion and the judgment was entered at the amount of the stipulation with interest.

We think that the judgment must be reversed, since defendant attorney's authority to compromise the action is not proven nor conceded. Under well-recognized rules, without such authority being conferred, it is not bound thereby. The court, therefore, had no authority to direct the entry of judgment upon the oral stipulation of the attorney. It is nowhere asserted in the papers that defendant acquiesced in the settlement. It is admitted that it had no knowledge of its terms before it was agreed upon between the attorneys. No claim is made that it had given any authorization either express or implied to the attorney to make it. The proof is uncontradicted to the contrary and the repudiation by the defendant when informed of this settlement is undisputed.

The rule as evidenced in *Lewis* v. *Duane* (141 N. Y. 302, 314) is that "An attorney, as such, may not compromise the rights of his client outside of his conduct of the action, or accept less than the full satisfaction sought, or release his client's right, or subject him to a new cause of action."

In *Barrett* v. *Third Avenue Railroad Co.* (45 N. Y. 628, 635) it is said that the authority of an attorney does not extend to a compromise or release and that an attorney cannot settle a suit and conclude the client's relations to the subject in litigation without his consent. Unless, therefore, there was a ratification of this stipulation on the part of the attorney, there could be no binding effect upon the client's rights of this act of the attorney.

The only point upon which ratification is claimed to be founded is, that defendant did not communicate to the plaintiff its dissatisfaction with the settlement made by its attorney.

There was nothing in the affidavits here, or to be gathered from the nature of the transaction, which indicates any duty on the part of defendant to communicate its disapproval of the settlement to the plaintiff. It must have been evident to the plaintiff immediately following the settlement that there was no intention on the part of defendant to carry it out. The plaintiff, therefore, was not prejudiced by the failure of the settlement in so far as defendant's conduct was concerned. That corporation was the person to be benefited by the receipt of the moneys to be paid in the settlement, and when the moneys were not forthcoming its right to a restoration of the cause of action was immediate. Defendant was not under a duty to make any formal protest until the attempted enforcement of the settlement by motion was made.

Therefore, since the basis of the court's order for judgment was

an unauthorized act of the attorney for the defendant, the order and the judgment entered thereon should be reversed, with costs, and the motion denied, with ten dollars costs.

CLARKE, P. J., DOWLING, MERRELL and BURR, JJ., concur.

Judgment and order reversed, with costs, and motion denied, with ten dollars costs.