ARTHUR L. PEIRSON and Others, Plaintiffs, v. LLOYDS FIRST MORTGAGE COMPANY, Appellant. GREATER NEW YORK EXPORT HOUSE, INC., and THOMAS McKINIRY, as Receiver in Supplementary Proceedings of the Goods, Chattels and Credits of the Plaintiffs, Intervenors, Appellants; J. IRVING WEISSMAN and Others, Copartners, Doing Business as WEISSMAN & RAPPS, and Others, Respondents. (Appeal No. 1.) — Order and order as resettled reversed on the law and the facts, without costs, and the motion of the defendant, appellant, to pay the money into court by paying it to the county clerk granted. Upon delivery to the clerk, with such deposit, of a certificate of the sheriff of the county of Kings, dated on the date of such deposit, that no execution upon the judgment is in his hands, the clerk shall enter upon the judgment docket the words, " Satisfied and discharged by deposit " in accordance with the provisions of section 530, subdivision 4, of the Civil Practice Act. The judgment heretofore entered against the defendant must be legally satisfied upon payment. The defendant has the right to pay a judgment into court, especially when it is claimed by several parties. (*Detroit Fidelity & Surety Co.* v. *Kittel*, 230 App. Div. 213.) The receiver of the plaintiffs contends that the judgment cannot be satisfied except by him since he, in law, takes the place of the plaintiffs. The various lawyers, claimants, appellants, and claimants, respondents, insist that all or a part of the moneys, depending upon the nature of their claims, should first be paid to them. The attorneys of record further ask that they be put in physical possession of the fund in order that a possessory lien for $5,000 may be established in addition to their charging lien for services rendered in the action. It is apparent that if the receiver is permitted to satisfy the judgment of the Greater New York Export House, Inc., against the plaintiffs, there will be little, if anything, left. If the various claims of the lawyers are satisfied, there will be a deficiency since the fund is insufficient to meet the total of their respective claims. We are of opinion that the defendant's motion should have been granted. The statutory provisions for the discharge of judgments docketed in the office of a county clerk are mandatory. (Civ. Prac. Act, § 530, subds. 1 and 2.) The certified copy of the order appointing the receiver, together with notice of his appointment and ownership of the judgment, filed in the office of the clerk of the county of Kings pursuant to section 534 of the Civil Practice Act, had the effect of revoking the

power and authority of the attorneys of record for the plaintiffs to satisfy the judgment. (See *Franzen* v. *Zimmer*, 90 Hun, 103; *Robinson* v. *Brennan*, 90 N. Y. 208.) The rights of the various claimants to the fund may be determined under the disposition of the matter made by the order in *Peirson* v. *Lloyds First Mortgage Company, No. 2 (post,* p. 791). Lazansky, P. J., Young, Hagarty, Tompkins and Davis, JJ., concur.