EDWARD ALTENAU, Plaintiff, *v.* JAMES MASTERSON, Defendant.

Municipal Court of New York, Borough of Queens, First District,
December 30, 1936.

*James Loccisano,* for the plaintiff.

*Philips, Mahoney & Fielding,* for the defendant.

PETTE, J.   Plaintiff recovered a judgment in the sum of fifty-seven dollars and fifty cents against the defendant in this action. The defendant makes this motion for an order requiring the plain-

tiff's attorney to accept, in satisfaction of the aforesaid judgment, a check to the order of " Edward Altenau " and " James Loccisano," and further requiring the plaintiff's attorney to issue a duly executed satisfaction of the judgment, etc. The attorney for the plaintiff opposes this motion upon several grounds and insists that the check be made payable to his personal order as attorney, and that under his retainer, he has full power to receive the sum due and execute a proper satisfaction piece of the judgment.

Section 530 of the Civil Practice Act provides in part as follows: " Satisfaction and cancellation of judgment.

" 1. Except as otherwise prescribed in the next subdivision, the satisfaction-piece must be executed by the party in whose favor the judgment was rendered, or his executor or administrator; *or, if it is made within two years after the entry of judgment, or after the entry of final judgment or order of affirmance, by the attorney of record of the party.* * * *

" 4. In the absence of a satisfaction-piece under any of the foregoing provisions of this section, the docket of a judgment must be cancelled, satisfied and discharged, by the clerk in whose office the judgment roll is filed, at any time, if the judgment debtor or his legal representatives or any other person shall deposit with such clerk a sum of money equal to the amount of the judgment."

Section 532 of the Civil Practice Act provides: " Satisfaction-piece given on payment of judgment. The person entitled to enforce a judgment wholly or partly for a sum of money or directing the payment of a sum of money must execute, and acknowledge before the proper officer, a satisfaction-piece thereof, at the request of the judgment debtor or of a person interested in the property bound by the judgment, *upon presentation of a satisfaction-piece and payment of the sum due upon the judgment and the fees allowed by law for taking the acknowledgment of a deed.*"

Section 142 of the Municipal Court Code provides that judgments of the Municipal Court may be satisfied and discharged in the same manner as judgments of the Supreme Court except as otherwise provided. Execution having been issued to a city marshal the exceptions do not apply; and reference must, therefore, be had to the sections of the Civil Practice Act hereinbefore mentioned.

In the instant case the defendant failed to comply with the provisions of section 532 of the Civil Practice Act in that (a) he did not *present* a satisfaction piece; (b) he did not *pay the judgment in money,* a mere check being insufficient to constitute payment, (c) and *did not pay the fees* allowed by law for taking the acknowledgment.

Under section 530 of the Civil Practice Act, plaintiff's attorney

was specifically empowered to execute and deliver the satisfaction piece as attorney, the judgment herein being less than two years old, and such satisfaction piece would amply protect the interests of the defendant in all respects as against any further payment or demands by the plaintiff himself. In *Conner* v. *Watson* (27 Misc. 444) the court held that this power under section 1260 of the Code of Civil Procedure (Now Civ. Prac. Act, § 530),' arising from the retainer, rested upon so solid a foundation that the client was, as to innocent third persons, bound by its exercise, whether proper or not, as between him and his attorney.

In *Davis* v. *Bowe* (118 N. Y. 55, 60) the court said: " The power to issue a satisfaction piece implies a power to discharge [the judgment debtor in the custody of the sheriff], and while neither power may be exercised, as between the attorney and his client, to the injury of the latter, third persons, in the absence of notice to the contrary, have the right to presume that the power, when exercised, was authorized by the client, either expressly, or by virtue of the original retainer."

In *Steward* v. *Biddlecum* (2 N. Y. 103, 106) it was said: " In general, the attorney on record is authorized by his retainer to do such things as pertain to the prosecution of a suit to final judgment and execution, and to receive the money for which such judgment is recovered, especially if received within the time in which he might regularly issue such execution upon the judgment against the property or person of the party against whom the judgment is recovered, *and upon the receipt of the money, discharge the party, and acknowledge satisfaction of the judgment.* (2 R. S. 363, § 25; *Kellogg* v. *Gilbert*, 10 Johns. Rep. 220; *Jackson* v. *Bartlett*, 8 Johns. Rep. 362; *Gorham* v. *Gale*, 7 Cowen's Rep. 739; *Crary* v. *Turner*, 6 Johns. Rep. 53; *Beardsley* v. *Root*, 11 id. 464.) "

There is no provision in the Civil Practice Act or in the Municipal Court Code which sustains the contention of the defendant with respect to procedure which he followed in the instant case, in making the check payable to both attorney and client. Defendant bases his conduct on the theory of protection as against the possibility of dispute concerning the amounts owing to client and his attorney. There is no foundation of law or fact for the defendant's contention. A different conclusion would be arrived at had this been a judgment in favor of an infant plaintiff. In such a case the infant is the party, but he is represented by a guardian *ad litem* who chooses the attorney, and the attorney has no greater authority than the person who appoints him. In such cases, payment to the infant's attorney does not protect the defendant, a court order being necessary to validate the distribution of the fund. (*Greenberg* v. *N. Y.*

*C. & H. R. R. Co.*, 210 N. Y. 505, 511, affg. 160 App. Div. 888.) In the cases involving infant plaintiffs the courts exercise a greater degree of supervision since they are the wards of the court; and parties dealing with attorneys representing said infants are obliged to ascertain whether there has been a compliance with the requirements of the law designed to safeguard the interests of the infant. There is nothing harsh in this as a general working rule, for the facts which determine the powers of a guardian *ad litem* and the attorney are always easily ascertainable. (*Greenberg* v. *N. Y. C. & H. R. R. Co., supra.*)

In *Commercial Bank* v. *Foltz* (13 App. Div. 603, 607) the court held:

" Upon a judgment being paid to him as attorney by a defendant held upon a body execution, the attorney can authorize the sheriff to discharge the defendant. (*Davis* v. *Bowe,* 118 N. Y. 55.) \* \* \*

" The power of an attorney to satisfy judgments extends for two years after judgment has been entered, *even as against the consent of the client.* (Code Civ. Proc. § 1260; *Woodford* v. *Rasbach,* 6 Civ. Proc. Rep. 321, and cases cited.) \* \* \*

" We apprehend the true rule to be that, *for all purposes of collecting the judgment, or to vacate, modify or reverse it, the power of the attorney of record continues with the presumed assent of his client* until some affirmative steps are taken by the client to dismiss him from the case, or some of the causes intervene specified in section 65 of the Code."

The statutory provisions for the discharge of judgments are mandatory. (*Peirson* v. *Lloyds First Mortgage Co.,* 239 App. Div. 790.)

Ordinarily an attorney, as such, may not compromise the rights of his client outside of his conduct of the action, or *accept less than the full satisfaction sought,* or release his client's right, or subject him to a new cause of action. (*Lewis* v. *Duane,* 141 N. Y. 302, 314; *Sherman & Sons Co.* v. *Princess Shirt Waist Mfg. Co.,* 213 App. Div. 140.)

It has been further held that a duly authorized settlement may be enforced; a settlement not authorized may not be enforced. (*Sherman & Sons Co.* v. *Princess Shirt Waist Mfg. Co.,* 213 App. Div. 140; *Lewis* v. *Duane,* 141 N. Y. 302; *Schneider* v. *Abrams,* 228 App. Div. 1.) An attorney cannot settle a suit and conclude the client in relation to the subject in litigation, without his consent. (*Shaw* v. *Kidder,* 2 How. Pr. 244; *Lewis* v. *Gamage,* 1 Pick. 347; *Barrett* v. *Third Ave. R. R. Co.,* 45 N. Y. 628, 635.)

Had no execution been issued in the instant case, the defendant judgment debtor would have been privileged to follow the pro-

visions of subdivision 4 of section 530 of the Civil Practice Act by depositing the moneys in the amount of the judgment with the clerk of the court, etc. This would avoid the danger of double payment where there are several claimants. (*Detroit Fidelity & Surety Co.* v. *Kittel*, 230 App. Div. 213.) In *Calmbacher* v. *Newman* (60 N. Y. Super. Ct. 404) the court said: " When the amount due has become certain, by entry of judgment, and stipulation not to appeal, there can be no valid objection, under our practice, to paying the money into court and satisfying the judgment, for any good cause. * * * It relieves the defendants from the obstacles and embarrassments which the lien of the judgment upon their real estate entails; saves them from accruing interest, and also saves them from possible sheriff's fees, when they stood ready and willing to pay." (*Rauth* v. *New York El. R. Co.*, 23 N. Y. Supp. 750; *Heiter* v. *Joline*, 135 App. Div. 13.)

The defendant's procedure herein was likewise defective by reason of his failure to *pay or tender payment* of the sum due under the judgment within the legal meaning of " *payment* " as established by the courts of this State. In *Bradford* v. *Fox* (38 N. Y. 289, 290) the Court of Appeals held: " The delivery of the check did not operate as payment of the previous debt. (*Hill* v. *Beebee*, 13 N. Y. 566.) * * * They were mere attorneys to collect the demand, and as such had no authority to receive any thing but *money as payment*. * * * As above remarked, the attorneys had no power to receive the note or check of the debtor, or anything else in satisfaction *except money*." (See, also, *Burkhalter* v. *Second Nat. Bank*, 42 N. Y. 538, 541.)

In view of the foregoing well-established law of this State, defendant's motion is denied without prejudice to renew the same upon proper application.