L. Barron Hill, J.
On this motion to vacate a judgment taken on default, defendants obtained an order to show cause requiring service thereof on the attorney of record for plaintiff on the ground that plaintiff has left the jurisdiction. Service was made, as prescribed, and the attorney of record has filed an affidavit setting forth that he no longer represents plaintiff, does not know where plaintiff is, and has no recollection of this action.
The judgment was entered in 1952 hut was not discovered by defendants until this year when a title search of the premises was made. Defendants deny, in their moving affidavit, that they were served with process and have attached a proposed answer setting forth an affirmative defense of illegality of contract.
The motion to open the default and vacate the judgment will he granted in the exercise of discretion if the court has acquired .jurisdiction, on the motion, of plaintiff by service of the order to show cause on the attorney of record who has not opposed the motion on the merits.
In Commercial Bank v. Foltz (13 App. Div. 603) the court discussed the general proposition that the authority of an attorney terminates with the judgment and the many exceptions to that general proposition. At page 607 the court stated: “We apprehend the true rule to be that, for all purposes of collecting the judgment, or to vacate, modify or reverse it, the power of the attorney of record continneg with the presumed *567 assent of Ms client until some affirmative steps are taken by the client to dismiss him from the case or some of the causes intervene specified in section 65 of the Code.”
In Hendry v. Hilton (283 App. Div. 168, 171-172), the Appellate Division, Second Department, states: ‘ ‘ Until an attorney of record is discharged in the mode prescribed by law (Rules Civ. Prae., rule 56), that is, by order of the court or by stipulation signed by the attorney and the client, the attorney is authorized to act for all purposes incidental to the entry and enforcement of the judgment; as to the adverse parties his authority continues unabated”. See, also, Ohlquist v. Nordstrom (143 Misc. 502, affd. 238 App. Div. 766, affd. 262 N. Y. 696) where the motion was made after judgment under section 211-a of the Civil Practice Act under facts similar to this situation and service on the attorney of record was sustained.
Accordingly, the motion is granted.
Settle order.