399 So.2d 990 (1981)
Gary S. HUDGINS and Margaret M. Hudgins, His Wife, Appellants,
v.
FLORIDA FEDERAL SAVINGS AND LOAN ASSOCIATION, ETC., Appellees.
No. 79-262.
District Court of Appeal of Florida, Fifth District.
April 29, 1981.
Rehearing Denied June 18, 1981.
Marcia K. Lippincott, Sanford, for appellants.
Robert L. Taylor, Orlando, for appellee, Sara Jacobson.
Stephen C. Chumbris, St. Petersburg, for appellee, Florida Federal Savings and Loan Association.
SHARP, Judge.
Gary and Margaret Hudgins appeal from the trial judge's order entered after rehearing, which confirmed the judicial sale of the property to appellee, Sara Jacobson. The Florida Federal Savings and Loan Association, the mortgagee, is also an appellee, although it maintained a "neutral position" in this appeal. We affirm the judgment because the record sustains the trial court's finding that appellants, or third parties acting in their behalf, failed to tender payment timely, pursuant to a stipulation entered into and acted upon by the parties.
The Federal commenced foreclosure proceedings against the Hudgins' residence in Seminole County, in January of 1978. A default against the Hudgins was taken and a sale was ordered for March 17, 1978. The Hudgins' bankruptcy intervened and stayed the proceedings[1] until the bankruptcy court modified the stay order and allowed the mortgage foreclosure to continue. Jacobson purchased the property at the foreclosure sale, on March 21, 1979.
Because the Hudgins and their attorney were not sent copies of the motions to proceed with the sale, nor notice of the sale, they filed a motion to set aside the sale to Jacobson. Jacobson was interpled as a party to the proceeding on April 10, 1979. The *991 parties entered into a stipulation dated May 14, 1979, which was filed with the court the same day. The stipulation provided as follows:
(1) The plaintiff stipulates and agrees that the Defendants' time within which to exercise their right of redemption of the property which is the subject matter of the within action be extended until 5:00 P.M. on the 18th day of May, 1979. Such right of redemption, if it is to be exercised by the Defendants, must be exercised by payment to the Plaintiff, in cash or in certified funds, the principal sum of $27,428.91, plus interest thereon at the rate of eight (8%) percent per annum from the 21st day of February, 1979, such payment to be made on or before 5:00 P.M. on the 18th day of May, 1979.
(2) In consideration for the Plaintiff's agreement to extend the Defendants' right of redemption as aforesaid, the Defendants do hereby withdraw their Motion to Set Aside Sale, which motion was served on Plaintiff on the 30th day of March, 1979.
(3) Also in consideration for the Plaintiff's agreement as contained in paragraph 1 above, the Defendants stipulate and agree that if they fail to redeem the property in the manner hereinabove set forth, the Court shall enter an order confirming the judicial sale of the property herein sought to be foreclosed pursuant to the Amended Final Judgment entered herein on February 21, 1979... .
The stipulation was signed by an attorney representing the Hudgins, an attorney for the Federal, Jacobson and Gary Hudgins.
On Friday, May 18, 1979, Richard S. Taylor, an attorney, who was putting together a group to finance the purchase of the residence, delivered his personal check in the required amount to an officer of the Federal. The officer told Taylor the stipulation called for payment in cash or certified funds, and that he would have to check further with the St. Petersburg office before accepting the check. Taylor instructed his secretary to leave the check at the Federal. It was later sent to the Federal's office in St. Petersburg, but was never presented for payment. The following week, Taylor delivered to the Federal a certified check in the required amount, but the Federal reserved any objections to the late tender which might be raised by anyone. Jacobson was not consulted about the tender of the check, nor about the late tender the following week, and she apparently objected to both.
The trial court first ruled in favor of the Hudgins because it thought Taylor's personal check was drawn on his "escrow" or trust account, and was in the nature of a "certified" check. Taylor later admitted the check was drawn on a personal account with insufficient funds to pay it, but he had available to him other funds which he would have deposited in his account to cover the check, if the Federal had accepted the check and presented it for payment.
The stipulation entered into by the parties is binding on them and it is determinative of the issues involved in this appeal.[2] The stipulation required payment in "cash or certified funds." Clearly, a judgment creditor is entitled to require tender in such form.[3] Further, there is no basis in the record to conclude, (nor did the trial court find) that the Federal and/or Jacobson waived the tender conditions and requirements as to "cash" or as to time. 59 C.J.S. Mortgages § 844 (1949).
Tender of a personal check is not the equivalent of cash or a certified check.[4] The delivery of a personal check is at best "conditional" payment[5] because whether or not it is drawn on a trust account or escrow *992 account, it is not "finally paid" until the conclusion of the "settlement" process[6] and in the interim, the account may fluctuate in amount, it may be garnished, set off by the Bank, or the drawer may stop payment on the check.[7]
AFFIRMED.
ORFINGER, J., and BAKER, JOSEPH P., Associate Judge, concur.
NOTES
[1] Bkrp.R. 12 43.
[2] Gunn Plumbing, Inc. v. The Dania Bank, 252 So.2d 1 (Fla. 1971); Groover v. Groover, 383 So.2d 280 (Fla. 5th DCA 1980).
[3] 24 Fla.Jur. Payment §§ 3, 7 (1959); Annot. 82 A.L.R.3d 1199 (1978); Annot. 80 A.L.R.2d 1317 (1961).
[4] 32 Fla.Jur. Tender § 2 (1960).
[5] See § 673.802(1)(b), Fla. Stat. (1979).
[6] §§ 674.211(3) and 674.213(1), Fla. Stat. (1979).
[7] See Hensarling v. Curtis Candy Co., 62 So.2d 903 (Fla. 1953).