647 So.2d 1045 (1994)
In re ESTATE OF Bonnie Rebecca WOODRUFF, Deceased.
William WOODRUFF, individually as Personal Representative of the Estate of Bonnie Rebecca Woodruff, deceased, as Personal Representative of the Estate of William James Woodruff, III, Deceased, and Rebekah Lillian Woodruff, by and through William Woodruff, her father, next friend and Natural Guardian, Appellants,
v.
HENKELS & McCOY, INC., a foreign corporation authorized to do business in the State of Florida and Gary Nelson Williams, Appellees.
No. 93-3291.
District Court of Appeal of Florida, Fourth District.
December 21, 1994.
*1046 Joseph D. Farish, Jr. of Farish, Farish & Romani, West Palm Beach, for appellants.
Joseph H. Lowe of Marlow, Connell, Valerius, Abrams, Lowe & Adler, Miami, for appellee, Henkels & McCoy, Inc.
KLEIN, Judge.
We are presented with a question of first impression in Florida: whether a personal check is sufficient to satisfy a judgment. The trial court held that payment by personal check was sufficient and ordered the judgment satisfied. The judgment creditors appeal, arguing that because the check included interest which accrued only up to the date of delivery they were wrongfully deprived of interest on their multimillion dollar judgment during the several days it took the check to clear. We agree that they are entitled to the interest and reverse.
In Hudgins v. Florida Federal Savings and Loan Assn., 399 So.2d 990, 991 (Fla. 5th DCA 1981), the court explained why a personal check could not be used to exercise the right of redemption in a foreclosure action, where the documents required cash or certified funds, stating:
Tender of a personal check is not the equivalent of cash or a certified check. The delivery of a personal check is at best "conditional" payment because whether or not it is drawn on a trust account or escrow account, it is not "finally paid" until the conclusion of the "settlement" process and in the interim, the account may fluctuate in amount, it may be garnished, set off by the Bank, or the drawer may stop payment on the check. (Footnotes omitted).
By way of dicta, the court observed in Hudgins that a judgment creditor would unquestionably be entitled to insist on cash or certified funds, and we fully agree. See Noyes v. Habilitation Resources, Inc., 49 Cal. App.3d 910, 123 Cal. Rptr. 261 (1975); Dunn v. Ligon, 430 S.W.2d 704 (Tex.Civ.App. 1968); and Altenau v. Masterson, 161 Misc. 433, 292 N.Y.S. 299 (1936). We therefore reverse for entry of a judgment compensating appellants for the interest they did not receive on the funds during the time it took the personal check to clear.
HERSEY and GLICKSTEIN, JJ., concur.