758 So.2d 704 (2000)
MICHAEL ACRI BOXING PROMOTIONS, INC., a Florida corporation, Appellant,
v.
Arthur G. MILES, Appellee.
No. 4D99-1286.
District Court of Appeal of Florida, Fourth District.
March 8, 2000.
Rehearing denied May 12, 2000.
Edward J. Jennings, Fort Lauderdale, for appellant.
Thomas R. Shahady and John J. Shahady of Houston Shahady & Beilly, Fort Lauderdale, for appellee.
PER CURIAM.
Affirmed. See §§ 77.01, 77.06, Fla. Stat. (1997); see also In re Estate of Woodruff, 647 So.2d 1045 (Fla. 4th DCA 1994); Hudgins v. Florida Fed. Sav. & Loan Ass'n, 399 So.2d 990 (Fla. 5th DCA 1981); Gelco Corp. v. United Nat'l Bank, 569 So.2d 502 (Fla. 3d DCA 1990).
DELL and TAYLOR, JJ., concur.
STONE, J., concurs specially with opinion.
*705 STONE, J., concurring specially.
This and other Florida courts apparently impose a duty on a garnishee-maker of a check that was issued in discharge of an obligation to a judgment debtor to stop payment on the check when served with a writ of garnishment. This obligation arises out of an interpretation of the "possession and control" language in section 77.01, Florida Statutes.
The better policy, in my judgment, absent fraud, is that followed in those states holding that, upon service of a writ of garnishment, a non-bank garnishee does not have a duty to stop payment on checks that have been issued and delivered to discharge a debt. See Russ Togs, Inc. v. Gordon, 127 Ga.App. 520, 194 S.E.2d 280 (1972); Hart v. O.L. Williams Veneer Co., 287 Ill.App. 89, 4 N.E.2d 499 (1936); Frickleton v. Fulton, 626 S.W.2d 402 (Mo. Ct.App.1981); Prewitt v. Brown, 101 Mo. App. 254, 73 S.W. 897 (1903); Central Sec. & Alarm Co. v. Mehler, 125 N.M. 438, 963 P.2d 515 (Ct.App.1998); Parnell-Martin Supply Co. v. High Point Motor Lodge, Inc., 277 N.C. 312, 177 S.E.2d 392 (1970); Pearson Grain Co. v. Plains Trucking Co., 494 S.W.2d 639 (Tex.Civ.App.1973); Brandfass v. Kohn, 113 W.Va. 442, 168 S.E. 476 (1933).