Jewett, Ch. J.
 

 The only question presented by this case for decision, is; whether the affidavits presented to the commissioner and upon which he issued his warrant for the arrest of the respondent, alleged facts sufficient to give him jurisdiction ; for if they did, however erroneously that officer decided, upon the trial of the questions involved, his determination cannot be reviewed here upon certiorari.
 
 (Birdsall
 
 v.
 
 Phillips,
 
 17
 
 Wend.
 
 464.)
 

 Sections 3 and 4 of the “ act to abolish imprisonment for debt and to punish fraudulent debtors,” passed 26th of April, 1831, and sections 1 and 2 of the act amending the same, passed in 1838, (see.
 
 Sess. Laws
 
 1838,
 
 p.
 
 97,) provide, that in all cases where, by the provisions of the first-named act, a defendant cannot be arrested or imprisoned, it shall be lawful for the plaintiff, who shall have commenced a suit against such defendant, or shall have obtained a judgment or decree against him in any court of record, or before a justice of the peace, for any sum exceeding $25, exclusive of costs, a transcript whereof shall have been filed and docketed in the clerk’s office, as provided by 2
 
 R. S.
 
 248, § 128, to apply to any judge of -the court of record in which such suit is brought, or to any officer authorized to perform the. duties of such judge, for a warrant to arrest the defendant in such suit, and such judge or officer is authorized to issue such warrant, if satisfactory evidence be adduced to him, by the affidavit of the plaintiff, or of some other person or persons, that there is a debt or demand due to the plaintiff from the defendant, amounting to more than fifty dollars, or that he has a judgment against the defendant of over twenty-five dollars, exclusive of costs, a transcript whereof has been filed and docketed in the clerk’s office, as provided for by 2 R. S. 248, § 128,
 
 *105
 
 and specifying the nature and amount thereof as near as may be, for which the defendant, according to the provisions of the • said act of 1831, cannot be arrested or imprisoned, and establishing
 
 one
 
 or more of
 
 four
 
 several particulars, the second of which is, that the defendant has property, or rights in action, which he fraudulently conceals, or that he has rights in action, or some interest in any public or corporate stock, money or evidences of debt,
 
 which he unjustly refuses to apply
 
 to the payment of any judgment or decree which shall have been rendered against him, belonging to the complainant.
 

 The appellants attempted to make a case within these provisions, to entitle themselves to the remedy provided by the statute against the respondent, their judgment debtor. The affidavits presented to the commissioner on the 25th day of June, 1845, upon which the warrant was issued, showed—1st. That the appellants, on the 23d day of said month of June, obtained a judgment in the supreme court against the respondent, upon certain promissory notes, for $1043,12, for which' he could not be arrested or imprisoned, according to the provisions of the act of 1831, above referred to, and that the same was then due to the appellants from the respondent. 2d. That on the 22d day of May, 1845, the respondent was applied to, in behalf of "the appellants, to pay or secure said demand, which he refused, at the same time admitting that he had claims and demands due to him amounting to about $4000, besides other personal property amounting to about $1000, and that on the day said warrant was issued the respondent had demands by note «and account against divers individuals amounting to $3000 and upwards, as the plaintiffs’ attorney, (who made the' affidavit) was informed and believed. 3d., That on said 25th day of June, the attorney for the appellants in the suit in which said recovery was had, caused to be presented and delivered to the respondent,
 
 a written demand, signed by him as such attorney,
 
 requiring the respondent to make an assignment of his claims, notes, accounts and other property and rights in action, to the appellants, to apply oh their said judgment. That.the respondent neglected and refused .to comply therewith; and that at the same time the agent of the attorney and bearer of the de
 
 *106
 
 mand, at the request of the attorney, made a verbal demand in behalf of the appellants of like import, which the respondent also neglected and refused to comply with.
 

 On the arrest of the respondent, and his appearance before the commissioner, the provisions of §7 of the act of 1831, allowed him the right to controvert any of the facts and circumstances, on which the warrant was issued, and at his option permitted him to verify his allegations by his own affidavit. The respondent, coming before the commissioner, in substance objected to any further proceeding in the matter, on the ground that sufficient evidence had not been adduced to the commissioner to give him jurisdiction to issue the warrant. It was ■there, as here, insisted that there was not evidence of a sufficient demand made requiring the respondent to apply his rights in action and the like, to the payment of the appellant’s judgment, so as to put him in fault by refusing thus to do. And first, the argument is, that Mr. Clark had no authority from the appellants to make any demand. His authority depends upon the effect of his retainer, to prosecute and collect their said demand of the respondent. Unless it can be derived from that, no authority was shown; for it cannot, as I think, fairly be pretended that it was otherwise shown; although, perhaps, the phraseology of the affidavit of Mr. Clark upon that point may be said to be somewhat equivocal.
 

 In general, the attorney on. record is authorized by his retainer to do such things as pertain to the prosecution of a suit to finaLjudgment and execution, and to receive the money for which such judgment is recovered, especially if received within the time in which he might regularly issue such execution upon the judgment against the property or person of the party against whom the judgment is recovered, and upon the receipt of the money, discharge the party, and acknowledge satisfaction of the judgment. (2
 
 R. S.
 
 363, ^25.
 
 Kellogg
 
 v.
 
 Gilbert,
 
 10
 
 John. Rep.
 
 220;
 
 Jackson
 
 v.
 
 Bartlett,
 
 8;
 
 John. Rep.
 
 362;
 
 Gorham
 
 v.
 
 Gale,
 
 7
 
 Cowen’s Rep.
 
 739;
 
 Crary
 
 v.
 
 Turner,
 
 6
 
 John. Rep.
 
 53;
 
 Beardsley
 
 v.
 
 Root,
 
 11
 
 Id.
 
 464.) Prior to the passage of the act of 1831, the respondent, upon a judgment like the one recovered against him by the appellants, would
 
 *107
 
 have been subject to have been proceeded against, as well by a writ of
 
 fieri facias,
 
 as by a writ of
 
 capias ad satisfaciendum.
 
 By that statute, the latter writ is taken away, and a proceeding substituted, to compel the application by the party against whom the judgment is, of his rights in action, his interest in public or corporate stock, and money or evidences of debt, to the payment of such judgment. This proceeding has been considered as a statute execution, reaching such property which is not subject to seizure by
 
 fieri facias,
 
 and such as, through the fraud of the debtor, either has been, or is in danger of being placed beyond" the reach of the ordinary process.
 
 (Berthelon
 
 v.
 
 Betts,
 
 4
 
 Hill,
 
 557;
 
 Spear
 
 v.
 
 Warded,
 
 1
 
 Comst,
 
 144.)
 

 I think, therefore, that in analogy to his authority to pursue the appropriate processes by execution, to enforce the collection of the demand, as they existed prior to the act of 1831, an attorney under his retainer to collect a demand, is now authorized to take any and every necessary step, to subject the party against whom the demand is, to the proceedings provided by that act, to coerce the payment of the demand, and that his client is bound by such acts of his attorney. The case of
 
 Herd
 
 v.
 
 Lodge,
 
 (20
 
 Pick. Rep.
 
 53) is very much in point to sustain the conclusion to which I have come upon this question. There the action was upon an
 
 administration bond
 
 against Lodge as principal, and two others as sureties, brought for the use and benefit of the Boston Glass Manufactory, a corporation, as judgment creditors. The revised statutes of Massachusetts, chap. 70, § 3, provided that an
 
 administration bond
 
 might be put in suit by a creditor of the intestate, when he should have recovered judgment for his debt against the administrator, and the administrator should have neglected, “
 
 upon demand made by the creditor,
 
 to pay the same, or to show sufficient goods or estate of the deceased, to be taken in execution for that purpose.” ft was proved on the trial, that the Boston Glass Manufactory recovered a judgment against the intestate, and that afterwards the attorney of record in the suit in which judgment was so recovered, made a demand of
 
 payment
 
 of the same of the administrator. All the property' of this manufactory had pre
 
 *108
 
 viously been assigned to the attorney and three others in trust One objection was, that the demand was not made by the
 
 creditor,
 
 inasmuch as the authority of an attorney of record ends with the recovery of the judgment, except that he may enter satisfaction on the record. In regard to that question the court held, that the authority of the attorney of record was sufficient to authorize him to make the demand, and upon payment, to discharge the judgment; and that it was within the scope of the powers of. the attorney to- institute all such further proceedings as are necessary to render the judgment effectual to the creditor in the recovery of his debt". That it was clearly within the authority of the attorney, as the attorney of the creditor, to take all preliminary measures requisite to the institution of a suit on the probate bond.
 

 But it was further insisted by the counsel for the respondent, 'that the demand itself was imperfect and insufficient. If I rightly understood the argument, this imperfectness was supposed to consist in not specifying the particular rights in action, stock, money, or evidence of debt, required of the respondent to apply to the payment of the judgment. It cannot be supposed that a creditor generally, can very well have the knowledge or information of the particulars of such property which his debtor may own, and could not be thus particular if it was required. And besides, it is enough to say that the statute, neither in its policy nor language, requires such particularity. The debtor is under a moral as well as legal obligation to apply all or sufficient of such of his property to the payment of such demands as are in suit or in judgment against him, as he is required by his creditor, and it could not be of any benefit to the debtor if it were possible for the creditor, to specify particularly the specific rights in action, &c. required. When it is shown that the debtor has an undefined mass of rights in action, stock, money, or evidences of debt, it seems to me to be entirely sufficient for the purposes of this proceeding for the creditor to make a general demand upon the debtor to apply them, whatever they are, to the payment of his debt or judgment against him.
 

 The insufficiency of the demand, it is contended, consisted also in this—that there was no person present when the demand
 
 *109
 
 was made, in behalf of the appellants, authorized to receive the property demanded, or an assignment of it to the appellants. And therefore, although the respondent refused to comply with the demand, it could not be said, with any propriety, that his refusal was
 
 unjust.
 
 Conceding that it might be so, if the refusal had been put upon that ground, the affidavits show that he absolutely refused to apply his property for the object sought— to pay the judgment of the appellants against him. And the evidence adduced by the respondent, to controvert the facts and circumstances on which the warrant issued, shows the reason of his refusal to have been, that he was preparing to make, and intended to make, a general assignment of his property, in such form as that all of his creditors should share in it alike, in defiance of the rights which the appellants, by their diligence, had legally acquired over his other creditors. The statute is silent as to the mánner in which the application of a debtor’s property under such circumstances is to be made, or who is entitled to the custody and collection of his rights in action, in order to make the application. Clearly, the debtor is not so entitled; and it might well be, that the creditor would be a very unsafe and unfit person to be the depositary of the fund. I do not think that it necessarily follows, that a debtor, in order to comply with the provisions of the statute, is bound in all cases, to assign or deliver his stock and rights in action to his creditors in person. In my opinion, the debtor, on the demand or request being made to
 
 apply,
 
 if he does not choose to place his property in the hands of his creditor, or person named by him, may offer to assign to some suitable third person, having regard as well to his responsibility, as capacity to execute such trust, and who will accept it, to hold, collect and apply the proceeds of his property to the payment of such demand. Should he make' such offer, it could not be said that he had unjustly refused to apply as required by the statute. It is not necessary, however, to decide that point, for the respondent refused absolutely to comply with the request, to assign to the appellants, and did not purpose to place his effects in the hands of such trustee, to be applied as demanded. Under these circumstances, I cannot doubt but that the fact that he unjustly refused, was substan
 
 *110
 
 tially shown, by the affidavits presented to the commissioner 'on which the warrant issued. The judgment of the supreme court should be reversed, and the proceedings before the commissioner affirmed.
 

 Ordered accordingly.