(101 App. Div. 432)

## BARBER v. DEWES.

(Supreme Court, Appellate Division, First Department. February 10, 1905.)

1. EXECUTION—WRONGFUL ISSUANCE—ACT OF ATTORNEY—LIABILITY OF CLIENT.
   Where defendant placed a claim in the hands of an attorney, who recovered judgment thereon, in the absence of any limitation of his authority the attorney was authorized to collect the judgment by execution, and the client was therefore liable for damages resulting from the attorney's act in wrongfully issuing and causing the levy of an execution in violation of a stay.

2. SAME—ISSUES—APPEAL.
   Where, in an action for the wrongful levy of an execution, no defense of excessive levy was pleaded nor raised at the trial, defendant could not claim on appeal that he was not liable because the levy was excessive.

3. SAME—DAMAGES.
   Where butter and eggs were wrongfully levied on under an execution pending a stay, the measure of the judgment debtor's damages therefor was the difference in value of the butter and eggs on the day they were seized and when they were relinquished from the levy by the sheriff.

4. SAME—DIRECTION OF VERDICT.
   Where, in an action for wrongful levy of an execution, the court submitted to the jury, with proper instructions, the amount of the damages to which plaintiff was entitled, which was the only issue raised by the pleading, and a verdict was returned in favor of plaintiff for a specified sum, the fact that the court thereafter directed a verdict for the same amount did not invalidate the previous verdict, and was therefore harmless.

5. SAME—EXCEPTIONS—APPEAL.
   Defendant, not having excepted to the direction of such verdict, could not object thereto on appeal.

Appeal from Trial Term, New York County.

Action by Simeon M. Barber against Abednego Dewes. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Nelson Zabriskie, for appellant.
Frank G. Wild, for respondent.

McLAUGHLIN, J. Action to recover damages for an alleged unlawful levy upon plaintiff's property. The facts upon which plaintiff predicated his right to recover—except as to the amount—were not disputed, and are as follows: On the 26th of November, 1900, the defendant obtained a judgment in the Supreme Court against this plaintiff for $718.55. At the conclusion of the trial which resulted in that judgment the trial justice orally announced that execution upon the judgment was stayed for 30 days after service of a copy of the judgment and notice of entry, and on the day following an order was formally entered to this effect. In that action a notice of entry, but not a copy of the judgment, was served, as required by the order. On the 26th of December following, a copy of the order granting the stay, with notice of entry, was served by mail, accompanied by a letter explaining why they had not been previously served, and on the next day a conversa-

tion was had between the attorneys for the respective parties, in which it was stated that, unless the judgment was paid at once, execution would be issued. The attorney for the judgment creditor was then informed of the stay, and cautioned against taking such course, notwithstanding which an execution was issued, and in pursuance of it the sheriff, on the 31st of December, levied upon and took into his possession 211 tubs of butter and 117 cases of eggs. A motion was thereafter made to vacate and set aside the execution, which, on the 9th of January, following, was granted, and the butter and eggs returned to the judgment debtor, who thereupon brought this action to recover the damages alleged to have been sustained by reason of such levy and seizure. The plaintiff had a judgment for $600, and defendant has appealed.

1. It is claimed by the defendant that the judgment should be reversed because he was not liable for the wrongful act of his attorney in issuing the execution in violation of the stay. It may well be doubted whether any such issue was presented. The complaint alleged that the defendant caused the execution to be issued, and this is admitted in the answer. This being the condition of the pleadings, it is difficult to see how the defendant could hope to prevent a recovery by proving that the issuance of the execution was an unauthorized act of his attorney. But, assuming that such proof could be given under the pleadings, the act of the attorney in issuing the execution did not protect the defendant. The fact is undisputed that the order prohibiting the issuance of the execution was served upon the attorney, and that he acted in violation of it. The claim of the plaintiff in that action was in the hands of the attorney for collection. No limitation whatever was placed upon his authority, so far as appears, and by reason thereof it must be assumed that he not only had authority to prosecute the claim to judgment, but to enforce collection thereof by the issuance of an execution thereon. He issued the exception, and in doing so he was acting within the scope of the authority given to him by his client, and, if damages were sustained by reason of such act, the client was responsible. The rule is clearly and tersely stated by Judge Cooley in Foster v. Wiley, 27 Mich. 244, 15 Am. Rep. 185. It is as follows:

"When one puts his case against another into the hands of an attorney for suit, it is a reasonable presumption that the authority he intends to confer upon the attorney includes such action as the latter, in his superior knowledge of the law, may decide to be legal, proper, and necessary in the prosecution of the demand, and consequently whatever adverse proceedings may be taken by the attorney are to be considered, so far as they effect the defendant in the suit, as approved by the client in advance, and therefore as his act, even though they prove to be unwarranted by the law."

This case was cited with approval in Poucher v. Blanchard, 86 N. Y. 256, which, in turn was approved in Guilleaume v. Rowe, 94 N. Y. 268, 46 Am. Rep. 141. The authorities cited by the appellant's attorney are not in point. These authorities relate to cases where the officer executing the process committed a trespass, or where the attorney gave unwarranted directions to such officer.

Welsh v. Cochran, 63 N. Y. 181, 20 Am. Rep. 519; Clark v. Woodruff, 83 N. Y. 518; Bowe v. Wilkins, 105 N. Y. 322, 11 N. E. 839; Guilfoyle v. Seeman, 41 App. Div. 516, 55 N. Y. Supp. 668.

2. It is claimed the levy was excessive, and by reason thereof defendant could not be held liable for the damages sustained arising therefrom. But this issue was not raised by the pleadings, nor was any such question presented at the trial, except upon a request to charge. If an excessive levy were made, that fact should have been set out in the defendant's answer, to the end that proof might be presented, and that fact determined upon the trial. No such defense was pleaded, or even claimed, until the conclusion of the trial, and then it was too late. At the beginning of the trial the plaintiff moved for judgment upon the pleadings, and the court then asked the defendant's attorney, "What issue of fact is there in the case to try?" to which he replied there was an allegation in the complaint that the defendant, knowing there had been a stay granted, nevertheless caused the execution to be issued; and the court responded, "It was willful, and with knowledge?" to which the attorney answered, "That seems to me the issue of fact, and also the question of damages." The court acquiesced in this, saying, "That is the issue of fact for the jury to pass upon—whether there was knowledge on the part of the defendant, and he caused this execution to issue knowing the stay was in force." The trial then proceeded, and proof was admitted bearing upon this issue, and defendant could not thereafter, without amending his answer, by a simple request to charge, raise the question of whether or not there had been an excessive levy.

3. Complaint is also made as to the amount of damages recovered. The proof, however, upon this branch of the case was not only sufficient to sustain the verdict, but entirely satisfactory. It consisted of evidence as to the value of the butter and eggs on the day they were seized and the day when they were relinquished by the sheriff, and the jury were instructed that the plaintiff's measure of damage was the difference between the two.

Finally, it is claimed the court erred in directing a verdict for the plaintiff. He did not direct a verdict; on the contrary, he submitted to the jury, with appropriate instructions, the only issue raised by the pleadings and the proof, viz., the amount of damage to which the plaintiff was entitled. They returned a verdict in favor of the plaintiff for a specified sum, and this was all that was required as the basis of the judgment. It is true that the court, for some reason not explained in the record, entertained an idea that the better practice would be to thereafter direct a verdict for the same amount, which he did. This, however, in no way invalidated the previous verdict. If any irregularity could be claimed by reason of it, the appellant is not in a position to raise it, inasmuch as no exception was taken to such direction.

The judgment and order appealed from are right, and should be affirmed, with costs. All concur; VAN BRUNT, P. J., in result.