CHARLES E. LARKIN, Respondent, *v.* ROBERT FRAZIER et al., Appellants.

**Execution — action for divorce — authority of attorney to issue execution upon judgment rendered in such action.**

An attorney clothed with general authority to prosecute an action for an agreed compensation for services, which was paid, is authorized to issue an execution to collect the costs awarded in the judgment. The fact that the action was one for divorce or that a stated sum was agreed upon as compensation for services does not alter the general rule.

*Larkin* v. *Frazier,* 172 App. Div. 912, reversed.

(Argued October 25, 1918; decided November 12, 1918.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered February 2, 1916, modifying and affirming as modified a judgment in favor of plaintiff entered upon a decision of the court at a Trial Term.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Robert W. Fisher* for appellants. An attorney, duly retained to prosecute an action, has authority, after obtaining judgment for his client, to issue execution thereon and take such steps as may be proper and necessary to secure its payment. (*Erwin* v. *Blake*, 8 Pet. 18; *Union Bank* v. *Geary*, 5 Pet. 99; *Read* v. *French*, 28 N. Y. 285; *Steward* v. *Biddlecum*, 2 N. Y. 103; *Cruikshank* v. *Goodwin*, 66 Hun, 626; *Corning* v. *Southland*, 3 Hill, 552; *Gorham* v. *Gale*, 7 Cow. 739; *Adams* v. *Ft. Plain Bank*, 23 How. Pr. 58; *Barber* v. *Dewes*, 101 App. Div. 432; 184 N. Y. 548; *Bathgate* v. *Haskins*, 59 N. Y. 533; *Shaunessy* v. *Traphagen*, 13 N. Y. S. R. 754; *Lusk* v. *Hastings*, 1 Hill, 656.) If what purports to be a finding of fact is in truth a conclusion of law, an exception to it may be taken with the same effect as if it were properly designated. (*Everett* v. *Everett*, 180 N. Y. 452.) A general finding is controlled by a special finding, and a general finding at variance with the specific facts found must be disregarded. (*Bennett* v. *Buchan*, 76 N. Y. 386; *Phelps* v. *Vischer*, 50 N. Y. 69; *Paisley* v. *Casey*, 18 N. Y. Supp. 102.)

*Thomas F. Galvin* for respondent. Even if defendant had implied power to issue execution, the subsequent sale to him made him a trustee for the benefit of the judgment debtor, and his repudiation of that relation and insistence upon a personal profit for himself entitled the plaintiff to the judgment granted herein. (*Howell* v. *Baker & Clark*, 4 Johns. Ch. 118.)

HOGAN, J.  This action was brought by plaintiff to set aside a sale of certain real estate made by the sheriff of the county of Rensselaer under an execution issued upon a judgment in favor of Clara C. Larkin against plaintiff and to have canceled of record and declared illegal and void a certificate of sale and deed following the same executed by the sheriff under the sale made by him. A determination of the question involved in this case necessitates a reference to the findings of the court. The trial justice found in his decision as matters of fact the recovery of a judgment in Supreme Court, Saratoga county, in favor of Clara C. Larkin against plaintiff for the sum of $48.32; that a transcript of the judgment was filed and entered in the clerk's office of Rensselaer county and an execution thereon issued to the sheriff of Rensselaer county by the defendant Robert Frazier as attorney for Clara C. Larkin; the sale of the lots of land by the sheriff under the execution, the issuance of a certificate of sale and in due time the execution of a deed by the sheriff followed by recording of the same.  Further, "That the said defendant Robert Frazier was not authorized by said judgment creditor Clara C. Larkin to collect or enforce said judgment aforesaid of $48.32 and was not authorized to issue said execution aforesaid to the sheriff of Rensselaer county," and as conclusion of law that the sale under the execution was without authority in law, illegal and void; that the certificate of sale and deed executed and delivered by the sheriff were illegal and void and should be canceled of record.

Upon request of defendant the trial justice found as facts: That the defendant was retained by Clara C. Larkin to bring an action against her husband, the plaintiff, for an absolute divorce; that Clara C. Larkin agreed that she would pay defendant for his services in said action one hundred dollars, which amount defendant agreed to and did accept from her; that defendant

prosecuted such action and obtained a judgment in favor of Clara C. Larkin against plaintiff which judgment was for a divorce and awarded to Clara C. Larkin the sum of $48.32 costs as taxed against the plaintiff here; that the judgment for $48.32 included taxable disbursements amounting to $23.32 paid by Robert Frazier out of his own money. A further finding of fact was as follows: " That at the time of such retainer no agreement of any kind was made between the defendant Robert Frazier and said Clara C. Larkin, except that Robert Frazier was given general authority to prosecute such divorce action for an agreed compensation;" that there was no evidence that Clara C. Larkin at any time expressly instructed Robert Frazier not to file a transcript of the judgment, or not to issue execution thereon; that Robert Frazier was never expressly discharged by Clara C. Larkin as her attorney, and " there is no evidence that the authority of defendant Robert Frazier to act in said action for Clara C. Larkin was ever expressly limited by her." The record in this case does not contain any memorandum or opinion of the courts below for the decisions rendered herein.

Evidently the trial justice disposed of the case adversely to the defendant upon the theory that defendant having agreed with his client to prosecute the action for her for an agreed compensation for his service was thereby unauthorized to issue an execution on the judgment notwithstanding the specific findings that defendant was given general authority to prosecute the divorce action, was never inhibited by instruction from his client from issuing execution upon the judgment obtained for her; and was never expressly discharged by the client as her attorney. The finding of lack of authority in defendant to issue the execution though denominated a finding of fact was in effect a conclusion of law, and treated as such was unsupported by the facts found. If treated

as a finding of fact it was inconsistent with the facts specifically found and with the principles of law applicable to the authority of an attorney in the conduct of a litigation. The case at bar does not involve differences between attorney and client. The client is not a party to the action. The question as to whom the costs belong in whole or in part is not involved in this action. The sole question presented is whether an attorney clothed with general authority to prosecute an action for an agreed compensation for services, unlimited in his authority to file a transcript of judgment recovered by him or to issue execution thereon by any instructions from his client and never discharged, is authorized to issue an execution to collect the costs awarded in the judgment.

Under the general authority conferred upon the defendant he was authorized to prosecute the action commenced by him for Clara C. Larkin to final judgment and to enforce collection thereof by the issuance of an execution thereon, to receive the avails of the execution from the sheriff and also to acknowledge satisfaction of the judgment at any time within the statutory period. (*Barber* v. *Dewes*, 101 App. Div. 432; affirmed, 184 N. Y. 548; *Read* v. *French*, 28 N. Y. 285; *Bathgate* v. *Haskin*, 59 N. Y. 533; *Steward* v. *Biddlecum*, 2 N. Y. 103.) Likewise he would be authorized to institute proceedings supplemental to execution on the judgment. (*Ward* v. *Roy*, 69 N. Y. 96.) The fact that the action was one for divorce or that a stated sum was agreed upon as compensation for services does not alter the general rule of law governing the power of an attorney clothed by his client with unlimited authority to prosecute an action. The act of defendant in the issuance of the execution was clearly within the scope of his authority. The trial justice found that the execution was regular upon its face and all proceedings relating to the sale thereunder were duly had.

The judgments of the Special Term and Appellate Division should be reversed and the complaint dismissed, with costs to defendant in all courts.

HISCOCK, Ch. J., CHASE, COLLIN, CUDDEBACK and McLAUGHLIN, JJ., concur; CRANE, J., absent.

Judgments reversed, etc.