*Ex parte* Isaac Shumway.

The attorney of record, as such, is not authorized in a proceeding to acquire the interest of the purchaser under the statute respecting the redemption of lands to make the affidavit of the amount due on the judgment. It must be sworn to by the creditor, or by the attorney or agent employed in making the purchase under the statute.

It is not sufficient in the affidavit to name the deponent as the attorney or agent of the creditor. It must be expressly sworn to.

Redemption of lands.   On the first day of August, 1845, the sheriff of Columbia county, by his deputy, sold certain lands belonging to Philo G. Shumway, by virtue of two judgments and executions against him, to John H. Mesick.   Within the time allowed to judgment creditors to acquire the right of the purchaser, Martin Van Dusen, as the attorney of Isaac Shumway, paid to the sheriff the amount of the bid of Mesick, with interest thereon, and delivered to him certified copies of the docket of a judgment in favor of I. Shumway, from a clerk's office of this court and from the clerk of the county of Columbia, where the judgment had been docketed pursuant to the act of 1840.   From these copies of the docket it appeared that M. Van Dusen was the plaintiff's attorney in the judgment.   Van Dusen, on behalf of I. Shumway, at the same time delivered to the sheriff his own affidavit stating the sum due on the judgment at the time of claiming the right to redeem.   After the title of the suit, this affidavit commenced as follows: "Columbia county, ss. *Martin Van Dusen, the attorney of the above named plaintiff*, being duly sworn, saith,"

The sheriff conveyed the premises to Mesick, as purchaser.

*H. Hogeboom,* on behalf of Isaac Shumway, moved for a mandamus to compel the sheriff to execute a deed to him as a purchaser from Mesick.

*K. Miller & P. W. Bishop,* contra, insisted that the affidavit of the amount due was defective, for not having been made

by the "creditor or by his attorney or agent." (2 *R. S.* 373, § 60.)

*By the Court,* JEWETT, J. The purchase by Shumway of the title of the purchaser at the sheriff's sale was duly made, provided the affidavit of the true amount due on Shumway's judgment was sufficient. This is required to be made by the *creditor or by his attorney or agent.* (2 *R. S.* 373, § 6, *sub.* 3.) The objection that the fact of Van Dusen being the attorney is not directly sworn to, is answered by the suggestion that his name appeared as plaintiff's attorney in the copies of the docket. But I am of opinion that the attorney for the plaintiff on the record cannot, by virtue of that character alone, make the affidavit. The words "attorney" or "agent" appear to have been used by the legislature as synonymous, and were intended to designate the person employed by the creditor in the business of making the redemption. The authority of the attorney in the suit generally expires with the perfecting of judgment, although he has certain powers which may be exercised after that event, such as issuing execution, receiving payment and acknowledging satisfaction. (*Jackson* v. *Bartlett,* 8 *John.* 361; *Kellogg* v. *Gilbert,* 10 *id.* 220; *Gorham* v. *Gale,* 7 *Cowen,* 739; *Simonton* v. *Barrell,* 21 *Wend.* 362; *Corning* v. *Southland,* 3 *Hill,* 552; 2 *R. S.* 362, § 24.) Van Dusen being unauthorized under his retainer in the suit in which the judgment was recovered to make the affidavit, it was essential that his character as the attorney of the creditor in the special proceeding should be directly sworn to in the affidavit. It was so held where the affidavit was made by one claiming to be the *agent* of the creditor. (*Ex parte The Bank of Monroe,* 7 *Hill,* 177.) In that case as in the present, he was named as the agent, but this was held to be merely *discriptio personæ.* The principle there decided must govern this case; and the motion for a mandamus must consequently be denied.

Motion denied.(*a*)

(*a*) This motion was decided in December, 1846.