Strong, J.
 

 It was decided by the court for the correction of errors, in the case of the
 
 Commercial Bank of Albany
 
 v.
 
 The Canal Commissioners,
 
 (10 Wend. 25,) that in an alternative mandamus the relator is bound to set forth facts sufficent to entitle him to the relief which he claims, and that it is competent for the defendant at any time after a return and before a peremptory mandamus is awarded, to object that the first writ is defective in substance in not stating a valid title. The reason assigned by Lord Chief Justice Abbot, in the case of
 
 The King
 
 v.
 
 The Margate Pier Company,
 
 (3
 
 Barn. & Ald. 221,)
 
 is, that if the material facts on which the relator founds his claim are not stated in the writ, it deprives the defendant of the power of traversing them, for he can only traverse what is stated in the writ. Another, and perhaps more cogent reason is, that the process is considered as a declaration, and the relator the actual plaintiff; and the familiar rule that he can succeed only upon the strength of his own allegation is applicable. Although the controversy in this case arises nominally on the return to which a demurrer has been interposed, yet it is competent for the defendant to avail himself of any material objection to the writ, agreeably to the established rule, that the party committing the first error in substance in pleading must fail on a general demurrer.
 

 The relator sets forth in the alternative mandamus, that he has acquired the rights of the original purchaser at the sheriff's sale, first as an assignee, and secondly as a subsequent judgment creditor. It is a fatal objection to his claim as an assignee, that he had not filed the assignment to him in the office of the clerk of the county in which the real estate sold is situated The act says expressly, that before any assignee
 
 shall be entitled to a deed,
 
 he shall cause the assignment, with the certificate of proof or acknowledgment, to be filed. There is also another objection to this part of the relator's claim, that the
 
 *493
 
 Bank of Ithaca acquired all his rights as an assignee of the purchaser, by the payment to the sheriff of the amount for which the lands were sold and the interest. That fact appears, however, only by the return, and cannot be urged as an objection to the substance of the writ.
 

 The principal and the only other, claim set forth by the relator in the mandamus, is as a creditor holding judgments subsequent to those under which the lands were sold. The writ states that he gave notice to the sheriff that he had obtained the title of the purchaser
 
 by virtue of the two judgments which he had obtained,
 
 and that he had applied to the officer to complete the sale by executing a conveyance to him
 
 as a creditor who had obtained the rights of such purchaser.
 
 He must therefore prevail, if at all, in his alleged character of a judgment creditor. The act (§ 60) provides expressly that to enable any
 
 creditor
 
 to acquire the title of the original purchaser, pursuant to its provisions, he shall
 
 present to,
 
 and
 
 leave with,
 
 such purchaser, or the officer who made the sale, a copy of the docket of his judgment, a copy of the assignment of it, if any, duly verified, and an affidavit of the amount due at the time. There is no averment in the mandamus that any of these papers were presented to, or left with, the purchaser, or the sheriff. This is fatal to the title of the relator, unless, as he contends, the first purchaser could effectually waive those requisitions of the statute. It is supposed that he could do so on the ground that the proofs were designed for his benefit, upon the principle that
 
 quilibet potest renunciare jure per se introducto.
 
 The principal interest which such purchaser has is in the reimbursement of the money advanced by him with the interest. In that he alone is interested, and he may consider and accept of anything as a payment. He may also have made a good bargain which he has a right to retain against all but the debtor and the judgment creditors, and so far he may have an interest in one of the facts to be established by the required proof. But the papers were not designed solely, nor probably 'principally, for his benefit. The debtor who may have several judgments against him, is interested in having them satisfied by his property, although he may
 
 *494
 
 not himself have been able to redeem it. A judgment for a large amount, which may have been partly, or indeed wholly, paid, may remain uncancelled on the record, a-nd the plaintiff might interpose and thus prevent or discourage the action of those holding subsequent liens. The fact, too, that such plaintiff had interposed might operate most injuriously upon the interests of other judgment creditors, as they might not be willing to advance their money to the sheriff upon an uncertainty as to what had been done, nor to the alleged prior creditor without having authentic and reliable information as to the amount actually due to him.
 

 It is true, that the subsequent creditor may not be bound by the action of the prior one, unless it is in full conformity to the provisions of the statute ; but how is he to know or have reasonable assurance that anything has been done except what is absolutely requisite in all cases ? It has been supposed that it is fairly inferible that the required papers were designed for the benefit of the original purchaser, from the permission in the act that they may be left with him. But, so too, they may be left with the officer, and it is conceded that when the money is paid to such officer, neither he nor any one else can dispense with their production. The purchaser can in such case demand his money, but no one, so far as I know, has contended that he can ' exact the delivery of the papers, or that such delivery to him by the officer would be justifiable. And yet, why not, if those papers are designed solely for the benefit of the party whose rights are thereby acquired ? There can be no doubt but that when they are delivered to the officer they are designed for the use of others who may be interested in the estate, and why not equally so, when
 
 the same papers
 
 are delivered to, the first or any other purchaser ? . They are undoubtedly placed under the actual control of such purchaser when they are left with him, and he may destroy them : but in such cases, if there is not an actual duty, there is at least a moral obligation upon him, either to retain them, or more probably to deposit them with the officer who made the sale. A hold upon the conscience of others does
 
 *495
 
 not always afford entire protection, but it is nevertheless some security
 

 Besides, some benefit may result from the production of the required papers, even if they should be subsequently destroyed. Many who might be willing simply to present a claim for a larger amount than what may be due, or one which may have been fully satisfied, would be reluctant to take a false oath, and would refrain from any act requiring it, if not from the force of conscience, at least from dread of the penalties for perjury. The affidavit of the amount due might be destroyed, but its contents might still be proved, and it would at any rate be registered where there is a more fearful responsibility than any which could be provided by a human tribunal. There is therefore ordinarily some advantage to both the debtor and his judgment creditor in requiring the production of these papers, and it is not in the power of another party to give it away. It is no answer to this to say that there may not be any judgment against the debtor subsequent to that under which the purchasing creditor acts, as the rule prescribed by the act for a large class of heterogeneous cases must necessarily be genera], and to be effectual, must be uniformly followed.
 

 The sheriff in executing the conveyance acts as a public officer, and under délegated authority to which he is bound to conform. He cannot transfer the property of one man to another, until the proposed grantee has obtained a right to the conveyance pursuant to the provisions of the statute. The conduct of a private individual may confer power or authority upon his own agent, but not upon a public officer in the performance of his official duty. The sheriff cannot convey effectually without the actual performance of the statutory preliminaries, nor can he be required to proceed upon the acts of others, until he has reasonable proof that they have been performed.
 

 If in this case we go beyond the writ and take into consideration the facts stated in the return, it is quite clear that the relator is not entitled to the conveyance which he demands. It is objected however that the return is invalid, both from defects in form and substance. The return should undoubtedly eon
 
 *496
 
 tain a full answer to the substantial averments in the writ. If it contain any thing more that may be rejected as surplusage or struck out on motion, but it does not afford proper ground for a demurrer. Where two remedies are suggested, the law prefers that which will be the most effectual and just to all who are interested. If we dismember the return from all immaterial matter, (and there is much in it of that character,) there is yet enough left to constitute a full answer to the alternative mandamus.
 

 The relator must of course fail if the return to which he has demurred shows that the bank is entitled to a deed. The bank, according to the return, has pursued the requisite measures to acquire
 
 the rights
 
 of
 
 the
 
 original purchaser, except as against any other judgment creditor who may have perfected a prior claim. It is objected however, that the return does not set out copies of the requisite papers. That is not ordinarily necessary in a pleading. All that is required, is that it should state enough to show that the papers on which the pleader relies, are such, as in a case like the present the statute requires. If the opposite party supposes that they may be defective he can ob- ( tain a copy of them from the sheriff before pleading, and if he finds that they are so, he can then take issue upon the allegation that the requisite papers were presented. They are mere matters of evidence, and it is not usual or necessary to embody them in a pleading. The return states, 1st, that the Bank of Ithaca had paid to the sheriff the purchase money and the interest : 2d, that they presented to and left with the sheriff a copy of the docket of each of their judgments, certified to be a true copy under the signature of the clerk of the county in which they were docketed: and 3d, that they in like manner presented to and left with the officer an affidavit of their attorney of the true sum due at the lime of each of their judgments. It is objected to the clerk’s certificate, that it does not appear that it was under his seal of office, or that it was in the form required by the revised statutes. (2
 
 R. S.
 
 403, § 59.) Neither is a part of the description of the certificate contained in the act relative to executions against property, and it is not necessary
 
 *497
 
 that there should be any greater precision in a pleading than in the statute. If those formalities are requisite, and do not exist, the objection might be taken on the trial. It is not usual to state in a pleading that any writing to which it relates was executed with all the formalities which any statute, other than that under which the action is had, may require. That again is a matter of evidence. It is also objected that it does not appear that the attorney making the affidavit acted in that capacity on the application to the sheriff. I have some doubts, notwithstanding the decision of the supreme court in 4
 
 Denio,
 
 258, and 7
 
 Hill,
 
 177, whether the affidavit cannot be effectually made by the attorney in the suit on which the judgment was obtained. If not, it would seem to be unnecessary to enumerate distinctly, as the statute does, both attorney and agent, as the latter term would include an attorney whose agency should be confined to the single transaction of effecting the purchase. But the same answer may be given to this objection as to those against the clerk’s certificate. . The description is as definite as it is in the act, and if the affidavit is defective in the particular alluded to, that would appear, and would avail the relator on the trial.
 

 If the Bank of Ithaca were regular in their proceedings, they 5 acquired the title of the original purchaser, and the sheriff was right in executing a conveyance to them. They were not bound to tender any money or papers to the relator, as the statute (§ 55) does not confer the right to either upon any creditor unless he has acquired the title of the original
 
 purchaser “pursuant to its provisions.”
 

 The judgment of the sup: erne court must be affirmed.
 

 Judgment affirmed.